MARVIN, Judge.
Plaintiff Midway appeals from the rejection of its demands against Wolff on a $12,000 promissory note. We affirm.
Midway contends the defense of payment was improperly upheld. While the burden of proving payment is on the defendant, the resolution of this case depends upon the manner in which the litigants agreed the note was to be satisfied.
Wolff was a creditor of Midway’s subcontractor, McDanell, and was a guarantor of McDanell’s bank loan. McDanell was in financial difficulty on a job Midway, as prime contractor, was doing for a real estate development. Both Midway and Wolff were attempting to prevent the complete financial collapse of McDanell because of their obvious respective interests in his con *1054 tinuation of dirt work on the Midway contract. The original contract between McDanell and Midway had been renegotiated or amended by the parties to benefit McDanell. After renegotiation of the contract and before the note in question was executed, Midway had refused to make further monetary advances to McDanell but did make one progress payment to McDa-nell for work which had been completed.
In return for a $12,000 advance by Midway to McDanell, Wolff executed the note upon which suit was brought. Midway contends the note was to be canceled only when McDanell completed $12,000 worth of work which was not otherwise paid for by Midway. After the note was executed, McDanell completed $12,000 or more worth of work for Midway. Midway contends that it paid to McDanell for his payrolls $6,000 and that it paid direct to other McDanell creditors after the note was signed, an amount which exceeded the contract price, notwithstanding that McDanell did not fully complete the contract. After McDanell’s default on the contract, Midway brought suit against Wolff on the note.
Wolff contends that the note was to be canceled after McDanell completed the next $12,000 worth of work after execution of the note. Payments made by Midway after the note was executed included the $6,000 to McDanell to meet past, due payroll claims, $1,000 to an insurance agency for McDanell’s workmen’s compensation premium, and $1,250 to a supplier of a used dragline boom, purchased by Midway for McDanell’s dragline being used on the job because the supplier would not sell on credit to McDanell.
The trial court found that Midway and Wolff agreed that the note would be canceled and returned to Wolff when McDanell did $12,000 worth of work for Midway after the note was executed. Under the circumstances, this issue is one of credibility to be determined in the light of the way the litigants dealt with each other and with McDanell. The essence of Midway’s contention is that Wolff was guaranteeing that McDanell would fully complete the contract, at which time the note would be canceled and returned to Wolff if there was $12,000 or more owed on the contract by Midway. Otherwise, Wolff would be required to pay the note in accord with the amount owed on the contract by Midway to McDanell. Neither the note itself nor the verbal agreement of the parties expresses this, however. Wé are not convinced by the evidence that the eventual satisfaction of the note was conditioned as Midway contends. If this was Midway’s intention, it was Midway’s responsibility to express these conditions clearly and unequivocally. C.C. Art. 1958. There is evidence to support the finding of the lower court.
Accordingly, we do not find that the lower court manifestly erred in finding that the note was to be canceled and returned when McDanell did $12,000 worth of work for Midway.
At appellant’s cost, judgment is
AFFIRMED.